**BAILEY** et v **STATE** ex **SQUIRE**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15187.   Decided June 30, 1936

Thompson, Hine & Flory, Cleveland, Tolles, Hogsett & Ginn, Cleveland, Garfield, Cross, Daoust, Baldwin & Vrooman, Cleveland, M. B. & H. H. Johnson, Cleveland, Halle, Harris, Haber & Berick, Cleveland, Goldman & Wyman, Cleveland, Bernon & Keeley, Cleveland, Ulmer, Berne & Gordon, Cleveland, Bulkley, Hauxhurst, Inglis & Sharp, Cleveland, Kerruish & Spooner, Cleveland, Robert H. Jamison. Cleveland, and Dorr E. Werner, Cleveland, for plaintiffs in error.

Homer H. Marshman, Cleveland, for defendant in error.

146

## OPINION

By LIEGHLEY, P.J.

This is intended to be merely a memo in which the writer shall undertake to state his conclusion on the issues joined in the many cases after full and exhaustive examination of the subject to the extent of his ability without undertaking a discussion of the many authorities cited by counsel. To apply these conclusions exactly to the respective cases in which one or more of these conclusions are controlling will be diligently attempted. Those few cases that have additional and distinctive issues to that extent are not decided hereby.

The Superintendent of Banks instituted an action in the Common Pleas Court against hundreds of alleged stockhoders of The Guardian Trust Company for the purpose of collecting superadded or double liability. It is assumed that stockholders who had not paid were joined in one action. Trial was had in the lower court which resulted in separate judgments against the respective defendants for the full amounts or double liability of the stock owned by each.

Some forty or fifty defendants joined in a petition in error in this numbered case. Most, if not all, filed separate error proceedings from the judgment rendered against each. Most counsel filed briefs in this so-called key or master case or submitted their cases upon the briefs filed herein. It was stated in argument that the issues presented in this case are much the same as the issues in each and every other case with a few presenting additional issues based upon distinguishing facts.

It is contended that there is error in this record by reason of rulings made by the trial court on motions and demurrers and final hearing to which exceptions were duly taken. The following are the principal and controlling issues in the overwhelming majority of the cases. In only a very few will other and different claims require consideration by reason of facts peculiar to each.

(1) It is urged that the petition is insufficient and fails to state a cause of action principally because it fails to allege that the bank was insolvent at the time the Superintendent took the same over for liquidation.

(2) That the court erred in sustaining a demurrer to the interrogatories submitted by the defendants by means of which the defendants sought to acquire and scrutinize the steps taken and the manner and means used by the Superintendent in his ascertainment of the financial condition of the bank warranting the assessment of double liability asserted by him to be necessary to meet the obligations of the bank.

(3) That there was misjoinder of parties and causes of action in naming and joining these defendants in the one petition. Demurrers were filed for misjoinder and overruled.

(4) That the court erred in holding that the finding or ascertainment of the Superintendent of the financial condition of the bank was conclusive of that issue of fact.

(5) The defendants contended that the bank had assets sufficient to pay its creditors and thereby sought to present the issue of solvency or insolvency as an issue of fact.

(6) A jury was demanded by defendants to try this issue of fact which demand was refused in which holding the defendants claim the court erred.

(7) An issue was raised that those who sold and transferred their stock more than sixty days prior to June 15th, 1933, were not liable, and in respect to this contention the respective rights and liabilities of the transferer and transferee were presented by counsel on both sides and claims made in respect thereto.

(8) It was strenuously contended that §710-75 GC is invalid and unconstitutional.

(9) If held to be valid, issue was sharply drawn in respect to when the following language in §710-75 GC had reference: "failure of the bank to meet its obligations." On behalf of plaintiffs in error it was urged that it could not apply to any date earlier than June 15th, 1933. The Superintendent contends that date is February 27th, 1933.

(10) The sixty day provision in said section was claimed to be invalid and unconstitutional. Also, the exclusion of the period when the bank is operated under any restriction upon the withdrawal of deposits or the payment of liabilities from inclusion within the calculation of the sixty day period.

A decision of the issue of whether or not the finding or ascertainment of the Superintendent as to solvency is conclusive determines the questions of the sufficiency of the petition and the demurrer to the interrogatories and the demand for a jury

to try the issue of insolvency. The defendants deny the power or authority of the Legislature to repose the duty and responsibility in the Superintendent to make a final determination of the conditions of the bank and reserving only to the court the responsibility of deciding who are stockholders and how much each owes.

Corporations are creatures of the state. Corporations organized to receive money on deposit are imbued with a public interest. The State is the source of the right to incorporate for such purpose. It is not in dispute that the state may regulate such institutions as going concerns. It seems that the right to regulate, direct and control such institutions being conceded, the right to manage the liquidation of such institutions upon becoming insolvent naturally follows. The state has created a state agency in the form of the banking department manned by a head called the Superintendent of Banks especially and specifically empowered to regulate and liquidate. In the absence of a claim substantially made that the Superintendent abused his discretion in making such ascertainment of the conditions of any bank,—and such claim has not been made herein,—it is by conclusion that such finding of the Superintendent is conclusive and final.

Having reached this opinion it follows that the petition is sufficient in that it is alleged that he ascertained the assets and liabilities disclosing the necessity of a demand for full stockholder's liability, and that the demurrer to the interrogatories was properly sustained for the reason that, his conclusion being final, the interrogatories merely sought to searchlight his processes of determination. It also follows that the demand for a jury trial of the issue of solvency was properly denied.

Much stress was laid on the claim of misjoinder. It is contended that if it be decided that the finding of the Superintendent is conclusive, nevertheless these actions to collect are actions at law and by reason thereof the demurrers for misjoinder should have been sustained.

Without any statutory regulation it has for many decades been the law that a creditor of a corporation may bring an action in his own behalf and in behalf of all other creditors to enforce stockholders' liability. Under the banking act the Superintendent of Banks is placed in the shoes of all creditors and given exclusive authority to prosecute all actions in their behalf. The superintendent is a statutory receiver. **Warner v Bldg. & Invest. Co., 128 Oh St 37.** Having been clothed by statute with the duty and responsibility of determining solvency and insolvency, and in the event of insolvency to liquidate, upon trial of an action to collect stockholders' liability, only formal proof that the necessary procedural and prerequisite steps have been taken by him directed by the statutes is required, and the determination of who are stockholders and how much they owe is for the determination of the trial court.

It is said that the decision of whether or not a defendant is a stockholder is an issue of fact. Being an issue of fact it is contended that it is for a jury to decide, of which right the defendant cannot be deprived or denied. That there is an issue of fact to decide does not necessarily make of a controversy a law case. A chancellor is often called upon to find and decide issues of fact of equal importance with this one. Facts of equal moment appear in accounting, reformation and rescission cases, and these cases are not thereby converted from chancery to law cases.

In a lawsuit to collect double liability under the banking act there is only the question of who are stockholders and how much does each owe. If a creditor of a corporation for himself and all other creditors may maintain an action to collect such liability, why should not the superintendent who stands in their shoes be permitted to prosecute such an action as an equity case. The creditor files a bill in equity for himself and all others and it has not been disputed that such an action is a chancery action. The Superintendent being empowered to do likewise by statute, why should the case brought by him for the same purpose in behalf of the same people be denominated a law action. The suit by the creditor is called a chancery case largely because by bringing it on behalf of all creditors a multiplicity of suits is avoided. The action of the superintendent is the same action in fact.

It may be sought to distinguish this case from a case brought by a creditor for himself and other creditors. The creditor and all other creditors are joined actually and constructively as plaintiffs. In such an action by the creditor some or all stock-

holders are joined as defendants. This procedure has been allowed as an equity proceeding largely on the ground that it avoids multiplicity of suits. Why should not the superintendent, representing all creditors, join some or all stockholders on the same ground and with the same result that it is a chancery proceeding. It may be said that the action by a creditor for himself and others relates to plaintiffs only and does not justify a claim of right of joinder of defendants on the ground of multiplicity of suits. If the result is the same, the ground of distinction seems spacious. A multiplicity of suits is avoided by joining a group of plaintiffs or of defendants. In this case the proceeding is justified as to both.

It is by conclusion, about which subject the members of this court are not in complete accord, that this case is an action in equity and that a defendant named in the petition is not entitled to a trial by jury either on the issue of solvency or on the issue of stock ownership. Each defendant has his day in court on the issue of stock ownership to the same extent and in the same manner as at law, and the chancellor determines that issue with no more prejudice to his rights than does the chancellor in a decision in an accounting case in which he makes findings, strikes a balance and enters judgment for the proper party. While not necessarily decisive and controlling, all the respective rights of stockholders of a defunct bank being as fully protected and conserved, any determination that gave to each stockholder the right to have a separate action instituted and maintained against him would result in endless litigation in liquidating a bank which the ends do not justify in view of the full and adequate opportunity of such defendant to have his day in court and present all his claims as to stock ownership or lack of it and any and all considerations which he undertakes to advance in like manner and to the same extent that issues of fact are presented and decided in any other chancery case. By reason of the fact that many issues are common to all defendants and the further fact that such an action undoubtedly avoids a multiplicity of suits, it is my opinion that this proceeding is cognizable in equity and that all issues are determinable by the chancellor.

With respect to the rights and liabilities of a transferer and transferee of stock prior to the day that the superintendent takes over the bank for liquidation, it is my opinion that the questions presented in this record are substantially answered and solved by the case of State ex Squire v Murfey, Blossom and Company, 131 Oh St 289.

However, in the above case the invalidity of §710-75 GC was not challenged. Nor was the question of when "the failure of such bank to meet its obligations" or to what specific period it applied, involved.

A corporation has no legal existence without State authorization. It created this bank by appropriate charter in pursuance of general law declared by it. It declared by §8623-2 GC that a "shareholder" means a "shareholder of record." The legislature has assumed the right to declare who are stockholders of a bank as it had a right to do. The Supreme Court has announced that these provisions of the General Corporation Act are not repealed by implication by the Banking Act in the case of State ex v Murfey, 131 Oh St 289. It does not hold that amendment is prohibited nor that the later Banking Act does not amend.

The State in creating and permitting an institution to receive money on deposit ought to be empowered to say what the liability of its owners shall be in the event of failure. By the same token it had a right to say that a stockholder transferring his stock less than sixty days before the bank was taken over for liquidation is a stockholder. By the same token the Legislature had a right to say that the time that a bank was on restricted basis should be excluded from the computation of the sixty day period. Knowledge being oftentimes difficult of proof, to permit those on the inside and possessed of knowledge that the ship is sinking to unload their holdings perhaps to the irresponsible during this period would be a setup not conducive to fair and equitable dealing. Each purchaser of bank stock knows at the time that each share is charged with potential double liability as the laws of the State governing such contract for bank stock are read into it.

It is my opinion that the sixty day period dates back from February 27th, 1933.

The claim of the Superintendent that liability of stockholders for debts incurred during their ownership of stock exists is not considered or discussed by reason of the holding in State ex v Murfey, supra, by which decision the Supreme Court apparently regarded this section as a valid enactment and expressly applied the sixty

day limitation If this section should be declared invalid, then surely most of the rules contended for by counsel for the Superintendent would control and apply, and many former stockholders would be liable that are now exonerated by this limitation fixed by this statute and decision.

A number of cases were presented to us in which it appeared that the defendants therein transferred their stock during the months of January, February and March, 1933, both before and after February 27th, 1933. These defendants contended that the date from which the sixty day period would be computed was June 15th, 1933. Some of these transfers consisting of a substantial number of shares were made shortly after February 27th. How it can be claimed that the bank had not failed to meet its obligations on February 27th is not clear, as on that day it voluntarily instituted a restrictive basis and on the night of February 27th the bank was ordered on a restricted basis by the Superintendent. One thing is certain and that is the depositors did not and were not able to get their money on demand. Another thing is certain and that is that the liabilities of the bank on that day and for some time theretofore were far in excess of its assets. To permit the stockholder to transfer his stock at such a time and under such conditions with impunity is contrary to all rules of equity and is in conflict with all rules of law governing the relation of stockholders and creditors of a corporation receiving moneys on deposit heretofore recognized and accepted.

**Section three of Article XIII of the Ohio Constitution** fixing the liability of bank stockholders has been held to be self-executing. This constitutional provision is entirely silent in respect to the manner and means of executing this provision or of enforcing the liability. There exists a gap that must be supplied for all practical purposes to carry into effect this provision and necessarily the legislature is the agency to prescribe and define the methods and machinery.

The writer has been very much persuaded to the views entertained by him by the rules announced in the case of Broderick v Aaron et, 197 NE 274, 268 N. Y. 260, decided by the Court of Appeals of New York July 11th, 1935. The first paragraph of the syllabus reads as follows:

"1. Banks and banking—Under Constitution providing merely in general terms that stockholders of banking corporations should be personally liable for debts and liabilities of such corporations, Legislature had power to formulate rules to determine when liability arose, on whom it fell, and how long it continued for purpose of determining and enforcing stockholders' liability, even though such provisions extended class on which liability was imposed by Constitution (Banking Law, §120; **Constitution, Article 8, §7**)."

This decision contains the reasoning and re-announces the rules that have been generally understood to be the law relating to some of the issues involved in this action. It expresses the law clearly and in a way that I have generally understood it to be and better than it is within my ability to express it. The constitutional provision of the State of New York is substantially identical with that of Ohio.

If this decision is correct then §710-75 GC is constitutional and the stockholders who transferred their stock less than sixty days prior to February 27th and the stockholders who transferred their stock thereafter are subject to liability to the extent that the transferees are irresponsible.

One or more cases were presented to us in which the trial court rendered judgment against trustees individually. By reason of §8623-24 GC, these judgments are claimed to be invalid and erroneous.

It is my conclusion that there is no prejudicial error in such judgment. The trustee is the shareholder of record. There is abundant authority to support the trial court as evidenced by the citations submitted by counsel for the Superintendent.

This section does not apply to cases in which the action is to enforce double liability to the extent of preventing the entry of judgment against the trustee individually. The section becomes applicable when execution is sought to be enforced and applies to the matter of satisfaction of the judgment. It seems to me that this section compels a satisfaction of the judgment from the trust estate in full or to the extent that the assets of the estate will do so, and that the trustee by reason of this section is not individually liable.

There were a few other cases in which there were presented some distinguishing facts, but to avoid extending this memorandum, further comment is withheld in respect to these cases.

TERRELL, J, concurs in the judgments.
LEVINE, J, dissents.